IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN MCCOY and CYNTHIA MCCOY, h/w : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | |
| BONEFISH GRILL #0304, BONEFISH GRILL, : | |
| LLC, AND BLOOMIN' BRANDS, INC. : | |
| : | |
| Defendants. : | |

## NOTICE OF REMOVAL

TO:   CLERK OF THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

United States District Court for the Eastern District of Pennsylvania
United States Courthouse
601 Market Street
Philadelphia, PA  19106

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Bonefish Grill, LLC, Bloomin'

Brands, Inc., and Bonefish Grill #0304[1], (collectively, "Defendants"), by and through their

undersigned counsel, hereby give notice of removal of this action from the Court of Common Pleas

for Philadelphia County, Pennsylvania, Civil Law Division, where it is pending as Case No.

210900363, to the United States District Court for the Eastern District of Pennsylvania.  As set

forth more fully below, the case is properly removed to this Court pursuant to 28 U.S.C. § 1441

because Defendants satisfy the procedural requirements for removal under 28 U.S.C. § 1446, and

---

[1] Plaintiff incorrectly names Bonefish Grill #0304 as a defendant.  "Bonefish Grill #0304" is not a legally-existing entity. It does not own, operate, control, or manage the restaurant in question.  Rather, it is merely the name and store number of the subject restaurant.  As such, it is a "fictitious entity" that should not be considered by the Court for purposes of diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1).

1

this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  In support of removal, Defendants aver:

## THE STATE COURT ACTION

1.      Plaintiffs John McCoy and Cynthia McCoy are married adult individuals who reside at 5004 Walton Avenue in Philadelphia, Pennsylvania 19143.  *See* Complaint, attached hereto as **Exhibit A**, at ¶ 1.

2.      Plaintiffs filed a Writ of Summons in the Philadelphia Court of Common Pleas on September 7, 2021. Defendants were served with the Writ of Summons via U.S. Certified Mail, Return Receipt Requested, on September 13, 2021.

3.      Plaintiffs subsequently filed the Complaint on January 6, 2022.  Defendants were served via the Philadelphia Court of Common Pleas e-filing system on the same date.

4.      Plaintiff's Complaint arises out of physical injuries allegedly sustained on September 27, 2019 at the Bonefish Grill restaurant located at 4889 W. Chester Pike in Newtown Square, PA 19073 when a Plaintiff John McCoy purportedly fell "on a dangerous and defective condition of the premises, namely a slippery, wet substance on the ground." *See* Exhibit A, at ¶¶ 7, 9.

5.      Plaintiffs assert a claim of negligence against Defendants. *Id.* ¶¶ 17-22.

## DIVERSITY JURISDICTION

6.      Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States."

7.      This action satisfies the complete diversity of citizenship requirement of 28 U.S.C. § 1332(a)(1).

2

8.    Plaintiffs verified Complaint declares that they are residents of Philadelphia, Pennsylvania and therefore citizens of the Commonwealth of Pennsylvania.

9.    A corporation is a citizen of the state in which it is incorporated and in which it maintains its principle place of business.  28 U.S.C. § 1332(c).

10.    The citizenship of a limited liability company is determined by the citizenship of its members. *See e.g., Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010.

11.    At all relevant times, Bloomin' Brands, Inc. was and is a Delaware corporation with its principal place of business located at 2202 North West Shore Boulevard, Suite 500, in Tampa, Florida 33607

12.    Therefore, for diversity of citizenship purposes, Bloomin' Brands, Inc. is a citizen of the states of Delaware and Florida.

13.    At all relevant times, Bonefish Grill, LLC was and is a Florida limited liability company with its principal place of business located at 2202 North West Shore Boulevard, Suite 500 in Tampa, Florida 33607.

14.    The sole member of Bonefish Grill, LLC is OSI Restaurant Partners, LLC, a Delaware limited liability company with its principal place of business located at 2202 North West Shore Boulevard, Suite 500 in Tampa, Florida 33607.

15.    The sole member of OSI Restaurant Partners, LLC is OSI HoldCo, Inc., a Delaware corporation with its principal place of business located at 2202 North West Shore Boulevard, Suite 500 in Tampa, Florida 33607.

16.    Therefore, for diversity of citizenship purposes, Bonefish Grill, LLC is a citizen of the states of Delaware and Florida.

17.     As set forth above, Bonefish Grill #0304 is not a legally-existing entity.  It does not own, operate, control, or manage the restaurant in question.  Rather, it is merely the name and store number of the subject restaurant.  As such, it is a "fictitious entity" that should not be considered by the Court for purposes of diversity of citizenship.  See 28 U.S.C. § 1441(b)(1).

18.     Complete diversity exists where Plaintiffs are citizens of the Commonwealth of Pennsylvania and Defendants are citizens of the states of Delaware and Florida.

19.     As the undersigned counsel represents all named defendants, consent is not required among defendants, but has been agreed to by the defendants.

20.     This action also satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

21.     The sum demanded in the complaint shall be deemed to be the amount in controversy, but in instances in which the complaint does not specify an amount in controversy, the defendant may assert that it exceeds the threshold if state practice "permits recovery of damages in excess of the amount demanded."  See 28 U.S.C. § 1446(c)(2)(A)(ii).

22.     According to the Complaint, Plaintiffs seek damages against Defendants for "a sum in excess of $50,000.00." Plaintiffs also aver that Mr. McCoy suffered "severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his body," and was caused to "sustain injuries and/or aggravate pre-existing injuries, including but not limited to: back and knees, and a severe shock to the nerves and nervous system," all of which will "in the future cause Plaintiff great pain and suffering, and are permanent in nature." Plaintiff further avers financial loss, and loss of avocations and occupations, and alleges that he "has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries." See Exhibit A, at ¶¶ 19-22.

23.     Based on Plaintiffs allegations in the Complaint, it is therefore averred that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

24.     Accordingly, the United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## REMOVAL JURISDICTION

25.     This action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

26.     Under Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).  Section 1441(b) further provides that "such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." *Id.* § 1441(b).

27.     Plaintiffs filed this action in the Court of Common Pleas of Philadelphia County. The Eastern District of Pennsylvania is the judicial district embracing Philadelphia County, the place where the State Action was brought, and, therefore, is the proper district court to which this case should be removed.  *See* 28 U.S.C. §§ 1441(a), 1446(a).

28.     Under Section 1446(b), the notice of removal shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief.  *See* 28 U.S.C. § 1446(b).

29.     Defendants were served with the Complaint on January 6, 2022.  Defendants are filing this notice within thirty (30) days of service of the Complaint pursuant to 28 U.S.C. § 1446(c).  Therefore, this removal is timely because 30 days have not elapsed from the date of service of the Complaint.

5

30.     Pursuant to Section 1446(b)(2)(A), Defendants consent to removal.

31.     Further, pursuant to Section 1446(a), Defendants are simultaneously filing with this Notice of Removal copies of all process, pleadings, orders, and other papers or exhibits of every kind existing on file in the Court of Common Pleas of Philadelphia County in this removed action.

32.     Additionally, Defendants are filing a copy of this petition for removal with the Prothonotary of the Court of Common Pleas of Philadelphia County.  *See* 28 U.S.C. § 1446(d).

33.     Defendants reserve the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, Defendants hereby remove this action now pending against it in the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

COZEN O'CONNOR

BY: _____

Paul K. Leary, Jr., Esq.
Laura A. Bartow, Esq.
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
pleary@cozen.com
lbartow@cozen.com
*Attorneys for Defendants*

Dated:  January 19, 2022

LEGAL\55971747\1

# Exhibit A

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
By:  Jason R. Weiss, Esquire (jweiss@hgsklawyers.com)
Id No.: 208930
92 Buck Road
Holland, PA 18966
215-354-9100

Attorneys for Plaintiffs

Filed and Attested by the
Office of Judicial Records
06 JAN 2022 03:21 pm
A. STAMATO

| | | |
|---|---|---|
| JOHN MCCOY AND | : | COURT OF COMMON PLEAS |
| CYNTHIA MCCOY, h/w | : | OF PHILADELPHIA COUNTY |
| *Plaintiffs* | : | |
| v. | : | SEPTEMBER TERM, 2021 |
| BONEFISH GRILL #0304, | : | No:    00363 |
| BONEFISH GRILL, LLC, and | : | |
| BLOOMIN' BRANDS, INC. | : | MAJOR NON-JURY |
| *Defendants* | : | |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrtia sus defenses o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notification.  Ademas, la corte puede decidir a favor del demandante y requiere que usted compla con todas las provisions de esta demanda.  Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Philadelphia Bar Association<br>Lawyer Referral and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados De Filadelfia<br>Servicio De Referencia E Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania  19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
By:  Jason R. Weiss, Esquire (jweiss@hgsklawyers.com)
Id No.:  208930
92 Buck Road
Holland, PA 18966                                     Attorneys for Plaintiff
215-354-9100

| | | |
|---|---|---|
| JOHN MCCOY AND | : | COURT OF COMMON PLEAS |
| CYNTHIA MCCOY, h/w | : | OF PHILADELPHIA COUNTY |
| *Plaintiffs* | : | |
| v. | : | SEPTEMBER TERM, 2021 |
| BONEFISH GRILL #0304, | : | No:     00363 |
| BONEFISH GRILL, LLC, and | : | |
| BLOOMIN' BRANDS, INC. | : | MAJOR NON-JURY |
| *Defendants* | : | |

## CIVIL ACTION

1.      Plaintiffs, JOHN MCCOY & CYNTHIA MCCOY, h/w, are married adult individuals who reside at 5004 Walton Avenue, Philadelphia, PA 19143.

2.      Defendant, BONEFISH GRILL #0304, is a corporation or other business entity organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at 4889 W. Chester Pike, Newtown Square, PA 19073.

3.      Defendant, BONEFISH GRILL, LLC, is a limited liability company or other business entity organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at 2202 N. West Shore Boulevard, Suite 500, Tampa, FL 33607.

4.      Defendant, BLOOMIN' BRANDS, INC., is a corporation or other business entity organized and existing under the laws of a state other than the Commonwealth of Pennsylvania with offices for the purposes of service located at 2202 N. West Shore Boulevard, Suite 500, Tampa, FL 33607.

5.      Upon information and belief, Defendants regularly transact business and derive substantial income in the City of Philadelphia, Pennsylvania.

6.      At all times material to this Civil Action, Defendants acted or failed to act through their agents, servants, representatives, contractors, workmen and/or employees, who will be revealed during the course of discovery, who were then and there acting within the course and scope of their employment and/or agency in furtherance of Defendants' respective businesses.

7.     At all times material to this Civil Action, Defendants, individually and/or jointly, owned, controlled, possessed, operated, managed, leased and/or was otherwise responsible for the care, maintenance, cleaning, and overall condition of the property located at or about 4889 W. Chester Pike, Newtown Square, PA 19073, also known as Bonefish Grill #0304 (hereinafter "Subject Premises" or "the restaurant").

8.     The Defendants, individually and/or jointly, were legally responsible for the care, maintenance, cleaning, and overall condition, as well as the safe upkeep of the premises.

9.     In the afternoon of September 27, 2019, Plaintiff, JOHN MCCOY, validly on the premises as a business invitee, was having dinner at the restaurant and went to use the restroom, where he was caused to fall on a dangerous and defective condition of the premises, namely a slippery, wet substance on the ground, causing Plaintiff, JOHN MCCOY, the injuries and other losses more fully set forth herein.

10.     Prior to the accident, Defendants had actual and/or constructive notice of the defective and dangerous conditions that caused Plaintiff's injuries.

11.     Defendants failed to take reasonable steps to correct and/or prevent the dangerous conditions on their premises prior to the accident.

12.     At all times material hereto, Plaintiff acted in a reasonable and prudent manner and was free from any comparative negligence.

13.     At the time of the incident, Defendants breached the duty of care owed to Plaintiff.

14.     At all times material hereto, Plaintiff did not assume the risk of injuries.

15.     At all material times, Defendants were responsible for maintaining the restaurant and all associated grounds in a clean manner and in a state of good repair.

16.     Business invitees and the general public were expected by Defendants to walk throughout the Subject Premises.

### COUNT I
### JOHN MCCOY v. BONEFISH GRILL #0304,
### BONEFISH GRILL, LLC, and BLOOMIN' BRANDS, INC.

17.     Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as if they were fully set forth at length.

18.   The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

    (a)  Failure to inspect the property under its ownership, possession and control;

    (b)  Failing to utilize reasonable care in the inspection, maintenance, cleaning and/or repair of the premises in question;

    (c)  Failure to implement a program of routine inspections so as to identify, repair or remove defects on the property;

    (d)  The condition of the slippery, wet substance is believed to have existed for such a period of time that Defendants knew or in the exercise of due diligence should have known of the existence of the defect and hazard;

    (e)  Failure to barricade access to the area where the defect was located to protect business invitees and restaurant patrons;

    (f)  Failing to respond reasonably when Defendants became aware of the dangerous condition prior to the accident;

    (g)  Failing to take reasonable care in the area where Plaintiff fell so as to lessen or eliminate the hazardous and dangerous condition caused by the slippery, wet substance;

    (h)  Failing to properly remediate the hazardous condition of the aforementioned slippery, wet substance promptly and/or properly;

    (i)  Failing to warn the public, in general, and Plaintiff, in particular, of the dangerous and hazardous conditions caused by the slippery, wet substance on the premises;

    (j)  Allowing and permitting there to exist a dangerous and defective condition after actual and/or constructive notice of said defect;

    (k)  Violating applicable laws codes, and ordinances with respect to the care, maintenance, control, cleaning and repair of the property;

    (l)  Violating the applicable sections of the Restatement Second of Torts; and

    (m) Negligent hiring, supervision, and training of contractors, employees, agents and/or servants.

19.   As a result of the negligence and carelessness of the Defendants acting as aforesaid, Plaintiff, JOHN MCCOY, was caused to sustain severe injuries of, but not limited to, his bones,

Case ID: 210900363

joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries and/or aggravate pre-existing injuries, including but not limited to: back and knees, and a severe shock to the nerves and nervous system, all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

20.     By reason of the aforesaid injuries, Plaintiff, JOHN MCCOY, has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

21.     As a further result of this accident, Plaintiff, JOHN MCCOY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JOHN MCCOY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

22.     As a direct and proximate result of the foregoing, Plaintiff, JOHN MCCOY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JOHN MCCOY, demands judgment against the Defendants, BONEFISH GRILL #0304, BONEFISH GRILL, LLC, and BLOOMIN' BRANDS, INC. and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT II
### CYNTHIA MCCOY v. BONEFISH GRILL #0304,
### BONEFISH GRILL, LLC, and BLOOMIN' BRANDS, INC.
#### (Loss of Consortium)

23.     Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as if they were fully set forth at length.

24.     As a result of the negligence and carelessness of the Defendants, Plaintiff, CYNTHIA MCCOY, has incurred large and various expenses and in the future will be obligated to expend large and various sums of money for medicines and medical treatment in the attempt to treat and cure her husband, Plaintiff, JOHN MCCOY, of his aforesaid injuries.

25. As a result of the negligence and carelessness of the Defendants, Plaintiff, CYNTHIA MCCOY, has and will in the future be deprived of the society, comfort, and consortium, of her husband, Plaintiff, JOHN MCCOY, all to her great detriment and loss.

Case ID: 210900363

WHEREFORE, Plaintiff, CYNTHIA MCCOY, demands judgment against the Defendants, BONEFISH GRILL #0304, BONEFISH GRILL, LLC, BLOOMIN' BRANDS, INC., and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

*Haggerty, Goldberg, Schleifer & Kupersmith*
Attorneys for Plaintiffs

By: _____
JASON R. WEISS, ESQ.

Case ID: 210900363

<u>**VERIFICATION**</u>

I, JOHN MCCOY, do hereby verify that I am the Plaintiff in the foregoing action; that the attached Civil Action is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit.  The language of the Civil Action is that of my counsel and is not mine.  I have read the Civil Action and to the extent that the information therein is based upon information I have given counsel, it is true and correct to the best of my knowledge, information and belief.  To the extent that the contents of the Civil Action are that of counsel, I have relied upon counsel in making this Verification.  I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

DATED: ___1/6/2022___          _____
                                JOHN MCCOY

## VERIFICATION

I, CYNTHIA MCCOY, do hereby verify that I am the Plaintiff in the foregoing action; that the attached Civil Action is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Civil Action is that of my counsel and is not mine. I have read the Civil Action and to the extent that the information therein is based upon information I have given counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Civil Action are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

DATED: 1-6-2022

CYNTHIA MCCOY

Case ID: 210900363